IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY ) ) ) Plaintiff, ) ) vs. ) ) JAMES FERANDO, KEVIN McCOY, and ) CHAD McCOY ) ) Defendants. ) | CIVIL NO. 09-CV-961-DRH |

### *DEFENDANTS' KEVIN MCCOY AND CHAD MCCOY RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

Comes now the Defendants, Kevin McCoy and Chad McCoy, by and through their attorneys, Lucco, Brown, Threlkeld & Dawson, L.L.P., and for their Response to Plaintiff's Motion for Summary Judgment and states the following:

### I. STATEMENT OF UNCONTROVERTED FACTS

**A.** **The Shooting Incident and James Ferando's Guilty Plea.**

In addition to the facts suggested by Plaintiff:

14. At his sentencing hearing on December 17, 2008, James Ferando stated, "I wasn't trying to kill them." (See Sentencing Hearing Transcript, p. 75, l. 8, attached hereto as "Exhibit 10"). He also stated, "I wasn't nowhere trying to hit Chad because I liked Chad and stuff." (See Sentencing Hearing Transcript, p. 76, l. 2-4, attached hereto as "Exhibit 10").

15. The trial court found in the Motion to Reconsider Sentence that "there really was no evidence of bodily harm on the two counts that he pled guilty to." (See Report of Proceedings of July 22, 2009, p. 10, l. 17-18, attached hereto as "Exhibit 11").

### B.     The Civil Lawsuit Filed by Chad McCoy and Kevin McCoy Against James Ferando

16.     In the underlying complaint, Chad McCoy and Kevin McCoy allege that Defendant Ferando "recklessly and carelessly" discharged a firearm in their direction. (See Plaintiff's "Exhibit 7," Document No. 049-7).

17.     In his Answer to Amended Complaint, filed June 30, 2010, Defendant Ferando pleaded the following affirmative defense:

> "Any use of firearms by the Defendant, James L. Ferando, on
> 9/24/07 were occasioned by Defendant's belief he was
> in danger of bodily harm and therefore, said use of a firearm was
> self-defense on the defendant's part and is therefore a complete
> bar to Plaintiffs' cause of action." (See Defendant's Answer
> to Amended Complaint, attached hereto as "Exhibit 12")

18.     The plaintiffs, in the underlying action, in answer to Defendant James Ferando's Affirmative Defense denied that any belief of Defendant that he was in danger of bodily harm was unreasonable and pleaded that "Defendant knew or in the exercise of reasonable care should have known that his use of a firearm was unnecessary and unreasonable." (See Answer to Defendant James Ferando's Affirmative Defense, attached hereto as "Exhibit 13").

## II.     LEGAL ARGUMENT

1.     The criminal conviction of Defendant Ferando does not estop him from arguing that the acts underlying his conviction were not criminal or not intentional, and determining as a matter of law that the injuries claimed by the victims were caused by intentional or criminal acts at this time would be inappropriate. See *Allstate Insurance Company v. Kovar,* 363 Ill.App.3d 493, 842 N.E.2d 1268 (Ill.App.2d, 2006).  However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such

force is necessary to prevent imminent death or great bodily harm to himself or another or the commission of a forcible felony. (720 ILCS 5/7-1(a)).

2. It is well established that the law of self defense applies in both criminal and civil cases. *First Midwest Bank of Waukegan v. Denson,* 205 Ill.App.3d 124, 562 N.E. 2d. 1256 (Ill. App.2nd Dist., 1990); See *Blackburn v. Johnson,* 187 Ill.App.3d 557, 543 N.E.2d 583 (Ill.App., 1989).

3. By definition, therefore, proof of self-defense, as claimed by Ferando in the civil case, would demonstrate that his conduct was not criminal. Further, Defendant Ferando had great incentive to forego a trial in the criminal action, plead to a lesser charge, and not pursue his pleaded claim of self-defense in that forum.

4. Defendants Kevin McCoy and Chad McCoy have denied Ferando's claim of self-defense in the underlying civil action, and Illinois law has recognized causes of action for negligence based upon Defendant's unreasonable belief that his self-defense was justified. *Wegman v. Pratt,* 219 Ill.App.3d 883, 579 N.E.2d 1035 (Ill.App.5th Dist., 1991); *Topps v. Ferraro,* 235 Ill.App.3d 43, 601 N.E.2d 292 (Ill.App.2nd Dist., 1992); *Blackburn v. Johnson,* 187 Ill.App.3d 557, 543 N.E.2d 583 (Ill.App., 1989).

5. Since *Wegman v. Pratt, Topps v. Ferraro* and *Blackburn v. Johnson* were not decided in the context of an exclusionary provision, it remains to be determined whether or not Plaintiffs' success in the underlying action precludes coverage, but that is another issue for another time.

WHEREFORE, Defendants Kevin McCoy and Chad McCoy respectfully request this court to deny Plaintiff's motion for summary judgment.

Respectfully submitted,

/s/ Joseph R. Brown, Jr.
Joseph R. Brown, Jr.
Lucco, Brown, Threlkeld & Dawson LLP
224 St. Louis Street, P.O. Box 539
Edwardsville, IL 62025
JBrown@lbtdlaw.com
Telephone: (618) 656-2321
Facsimile: (618) 656-2363
Attorney Bar No. 00316253

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via electronic mailing system on this 9 day of Dec, 2010, to the following:

Richard Gibson
rwgisonlaw@yahoo.com

James L. Craney
Brown & James, P.C.
jcraney@bjpc.com

IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>JAMES FERANDO, KEVIN MCCOY And CHAD MCCOY, )<br><br>DEFENDANT. ) | Civil Action No.: 09-CV-961-DRH |

## Certificate of Service

I hereby certify that on December 9, 2010, I electronically filed Defendants' Kevin McCoy and Chad McCoy Response to Plaintiff's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

James L. Craney
Jcraney@bjpc.com

Richard W. Gibson
rwgibsonlaw@yahoo.com

And I hereby certify that on December 9, 2010, I mailed by United States Postal Service, the document to the following non-registered participants:

NONE

                                        Respectfully submitted,

                                        /s/ Joseph R. Brown, Jr.
                                        Joseph R. Brown, Jr.
                                        Lucco, Brown, Threlkeld & Dawson LLP
                                        224 St. Louis Street, P.O. Box 539
                                        Edwardsville, IL 62025
                                        JBrown@lbtdlaw.com
                                        Telephone: (618) 656-2321
                                        Facsimile: (618) 656-2363
                                        Attorney Bar No. 00316253