IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GRINNELL MUTUAL REINSURANCE
COMPANY,

Plaintiff,

v.

JAMES FERANDO, KEVIN MCCOY,
and CHAD MCCOY,

Defendant.                                          No.09-961-DRH

ORDER

HERNDON, Chief Judge:

This is a declaratory judgment action brought by plaintiff Grinnell

Mutual Reinsurance Company against defendants James Ferando, Kevin McCoy, and

Chad McCoy.  Specifically, plaintiff brought suit seeking a declaration that it did not

have a duty to defend or indemnify Ferando under the insurance policy it issued to

Ferando in a state civil case brought against Ferando by Kevin and Chad McCoy (the

McCoys).  Now before the Court is plaintiff's motion for summary judgment (Doc. 49)

and motion for oral argument (Doc. 63).  In essence, plaintiff contends that Ferando's

coverage is explicitly excluded from coverage under the policy issued to Ferando and

therefore summary judgment should be entered in its favor.  For the reasons that

follow, plaintiff's motion for summary judgment (Doc. 49) and motion for oral

argument (Doc. 63) are denied.

I.  Background

Ferando was involved in a shooting incident with the McCoys on September 24, 2007, that resulted in state criminal charges being brought against Ferando. Specifcally, Ferando was charged with two counts of attempted murder, aggravated discharge of a firearm, and aggravated unlawful restraint with a deadly weapon after he fired several shots in the direction of the McCoys. Ferando plead guilty to the aggravated discharge of a firearm and aggravated unlawful restraint charges and was sentenced to four years imprisonment.

Thereafter, on March 25, 2009, the McCoys filed a state civil action against Ferando seeking compensatory and punitive damages based on the events of September 24, 2007. There, Ferando asserted that plaintiff had a duty to defend and indemnify him and to cover any losses that he may incur as a result of that case based upon the lessor and renter's policy Ferando had with plaintiff.

That policy contained the following relevant provisions. First, under the "SPECIAL PROVISIONS - ILLINOIS" amendments to the policy, the "PERSONAL LIABILITY COVERAGES" provision provided as follows:

> "Subject to the liability limits and the terms of this policy, we will pay compensatory damages for which an 'insured' becomes legally liable as a result of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies.

> If suit is filed against an 'insured' for liability covered under this policy, we will provide a defense using lawyers we choose. We may investigate and settle any claim or suit as we deem appropriate."

"Bodily injury" is defined under the policy to mean "bodily harm, sickness, or disease sustained by a person, including resulting death" and "also

includes mental or physical anguish, pain, or suffering, but only if accompanied by physical symptoms." "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage'."

The "SPECIAL PROVISIONS - ILLINOIS" provision amended the "EXCLUSIONS" provision to provide as follows:

> "10.  We do not cover 'bodily injury' or 'property damage' which results from an act committed by any 'insured':
> a.  In the course of or in the furtherance of any:
>> (1) Crime;
>> (2) Offense of a violent nature; or
>> (3) Physical Abuse; or
> b.  If a reasonable person would expect or intend 'bodily injury' or 'property damage' to result from the act.
> This exclusion applies regardless of whether such 'insured' is charged with or convicted of a crime and even if:
> a.  The 'bodily injury' or 'property damage' is of a different kind or degree than was intended or could reasonably be expected to result from the act; or
> c.  The 'bodily injury' or 'property damage' is sustained by a different person than was intended or could reasonably have been expected."

Based upon this exclusions provision, plaintiff contested that coverage applied, and as a result, filed a complaint in the United States District Court for the Central District of Illinois, seeking a declaration that it had no duty to defend, indemnify, or cover any losses related to Ferando's policy.  Defendants attempted to have this case dismissed based upon the argument that the court lacked subject matter jurisdiction because there was not complete diversity, but the district court declined to dismiss based upon its finding that there was complete diversity of

citizenship between the parties. (Doc. 12). The district court did, however, find that the proper venue was the this court and accordingly transferred the case here. (Doc. 12).

On December 3, 2010, plaintiff filed a motion for summary judgment (Doc. 49) with a corresponding memorandum in support thereof (Doc. 50). On December 9, 2010, the McCoys filed a response to plaintiff's motion for summary judgment (Doc. 51). On January 3, 2011, plaintiff's filed a reply to the McCoy's response to plaintiffs' motion for summary judgment (Doc. 54).

On January 10, 2011, Ferando filed a motion to file a response to plaintiff's motion for summary judgment out of time (Doc. 57) along with a response to plaintiff's motion for summary judgment (Doc. 58). On January 24, 2011, the Court entered an order granting Ferando's motion to file a response to plaintiff's motion for summary judgment out of time (Doc. 59). On February 7, 2011, plaintiff filed a motion for leave to file a reply to Fernando's response (Doc. 60) and on February 8, 2011, the Court entered an order denying that motion. On March 14, 2011, plaintiff filed a motion for oral argument on plaintiff's motion for summary judgment (Doc. 63). For the reasons that follow, plaintiff's motion for summary judgment is denied (Doc. 49) and plaintiff's motion for oral argument (Doc. 63) is denied as moot.

## II. Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. PROC. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Analysis

In plaintiff's motion for summary judgment, plaintiff contends that it does not owe a duty to defend or indemnify Ferando in the underlying suit filed against him by the McCoys because the policy's "criminal acts" exclusion is a valid and enforceable exclusionary provision under Illinois law. In their response, the McCoys contend that Ferando's criminal conviction does not estop him from arguing that the acts underlying his conviction were not criminal or intentional, and determining as a matter of law that the injuries claimed by the victims were caused by intentional or criminal acts at this time would be inappropriate. Plaintiff responds to this argument in its reply to the McCoy's response by

contending that Ferando's affirmative defense is irrelevant for purposes of its

motion for summary judgment, arguing that the reviewing court does not look

behind the allegations of the complaint to determine whether they have merit.

Ferando contends in his response to plaintiff's motion for summary judgment that

summary judgment should not be granted because questions of fact exist as to

whether the McCoys' suffered "bodily injury," because the McCoys' complaint does

not allege a criminal act occurred, and because the policy references "reasonable

person," the meaning of which involves a question of fact.

In the case at hand, it is undisputed (although neither party

addressed this issue) that because this is a diversity suit and neither party raises

any conflict of law issues, the law of the state where the federal court sits governs.

*Ind. Ins. Co. v. Pana Cmty. Unit Sch. Dist. No. 8*, 314 F.3d 895, 900 (7th Cir.

2002).  Thus, Illinois law applies.

Because the parties do not allege any circumstances obligating the

insurer to defend or indemnify Ferando other than the insurance contract between

them, the threshold issue is one of contract construction.  See *Am. Family Mut.*

*Ins. Co. v. Savickas*, 193 Ill. 2d 378, 448 (Ill. 2000).  "The construction of an

unambiguous insurance policy provision is a question of law, and the policy's

terms are to be applied as written unless those terms contravene public policy."

*Id.* at 448-49 (citing *Roberts v. Northland Ins. Co.*, 185 Ill. 2d 262, 235 (Ill. 1998).

Neither party raises any public policy concerns so our inquiry is limited to the

policy's terms as written.

"In determining whether the insurer owes a duty to the insured to defend an action brought against him, it is the general rule that the allegations of the complaint determine the duty." *Md. Cas. Co. v. Peppers*, 64 Ill. 2d 187, 193 (Ill. 1976). "If the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy the duty to defend has been established. *Id.* (citing, e.g., *Tiffiny Decorating Co. v. Gen. Accident Fire & Life Assurance Corp.,* 12 Ill. App. 3d 597 (Ill. App. Ct. 1973)). An "insurer's duty to defend its insured is broader than its duty to indemnify." *Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 456 (Ill. 2010). If the Court determines that the insurer has a duty to defend, then any determination concerning the insurers' duty to indemnify would be premature because liability in the underlying action has not yet been resolved. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 397-98 (Ill. 1993).

In the underlying complaint, the McCoys contend that on September 27, 2007, the McCoys "were lawfully in their respective vehicles in the vicinity of Bethalto Boulevard and Texas Boulevard in Bethalto, Madison County, Illinois," that Ferando "recklessly and carelessly discharged a firearm multiple times in the direction of [the McCoys]," that Ferando "had a duty of due care for the safety of the [McCoys]," and that "[t]he aforesaid willful and wanton and reckless conduct of [Ferando] proximately caused [the McCoys] to incur, and . . . may in the future incur, severe emotional distress *accompanied by physical symptoms*, substantial expenses in efforts to cure [themselves] of [their] injuries, and loss of [their]

normal [lives]." (Emphasis in original).

Plaintiff contends that the McCoys' complaint alleges that Ferando committed a criminal act, specifically the crime of aggravated discharge of a firearm. Because of that, plaintiff avers that it has no duty to defend Ferando in the underlying litigation brought against him by the McCoys. The Court disagrees.

Under Illinois law, "[a] person commits aggravated discharge of a firearm when he or she knowingly or intentionally . . . [d]ischarges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person." 720 ILCS 5/24-1.2. The problem is, however, is that the McCoys' complaint does not allege the crime of aggravated discharge of a firearm because it alleges the wrong mental state. "The mental state required for [aggravated discharge of a firearm] is that of '"knowingly and intentionally" discharging a firearm under various described circumstances.'" *People v. Williams*, 293 Ill. App. 3d 276, 279 (Ill. App. Ct. 1997) (quoting *People v. Folks*, 273 Ill. App. 3d 126, 133 (Ill. App. Ct. 1995)). The McCoys complaint alleged that Ferando "recklessly and carelessly discharged a firearm multiple times in the direction of [the McCoys]." "[R]ecklessness and knowledge are mutually inconsistent culpable mental states." *People v. Fornear*, 176 Ill. 2d 523, 531 (Ill. 1997). Thus, the McCoys' complaint does not allege sufficient facts constituting the crime of aggravated discharge of a firearm, and the "criminal acts" exclusion has not been sufficiently invoked. Cf. *Allstate Ins. Co. v. Greer*, 396 Ill. App. 3d 1037, 1039-40 (Ill. App. Ct. 2009) (affirming the trial court's granting of

summary judgment in favor of the insurer where by its plain language the policy

excluded coverage for criminal acts and where the underlying complaint alleged

criminal conduct).

Furthermore, even if the McCoys' complaint alleged sufficient facts to

constitute the crime of aggravated discharge or some other crime, say perhaps

reckless conduct, see 720 ILCS 5/12-5, the Court would not find it proper to

accord estoppel effect to Ferando's criminal conviction in this case.  A criminal

conviction generally acts as bar and collaterally estops the retrial of issues in later

civil trial that were actually litigated in the criminal trial.  *Savickas*, 193 Ill. 2d at

384.   Nevertheless, it is not always appropriate to allow estoppel, and the court

must evaluate a number of factors before deciding whether to allow it.  *Id.* at 386.

"Collateral estoppel is an equitable doctrine, the application of which

precludes a party from relitigating an issue decided in a prior proceeding."

*Savickas*, 193 Ill. 2d at 387 (citing *Talarico v. Dunlap*, 177 Ill. 2d 185, 191 (Ill.

1997)).  There are three threshold requirements which must be met before the

doctrine may be applied: 1) the issue decided in the prior adjudication must be

identical with the issue presented in the suit in question; 2) there must have been

a final judgment on the merits in the prior adjudication; and 3) the party against

whom estoppel is asserted must have been a party or in privity with a party to the

prior adjudication.  *Savickas*, 193 Ill. 2d at 387 (citing *People v. Nance*, 189 Ill.

2d 142, 147 (Ill. 2000)).  "Additionally, the party sought to be bound must have

actually litigated the issue in the first suit and a decision on the issue must have

been necessary to the judgment in the first litigation." *Savickas*, 193 Ill. 2d at 387.

"Even where the threshold requirements are satisfied, the doctrine should not be applied unless it is clear that no unfairness will result to the party sought to be estopped." *Savickas*, 193 Ill. 2d at 388 (citing *Talarico*, 177 Ill. 2d at 191-92). "The court determining whether estoppel should apply must balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded a full and fair opportunity to present his case." *Savickras*, 193 Ill. 2d at 388. "Also potentially relevant is the party's incentive to litigate the issue in the prior action." *Savickras*, 193 Ill. 2d at 388.

Here, even assuming all the threshold requirements have been met, the Court would find it unfair to apply collateral estoppel in this case. Ferando was charged with two counts of attempted murder, a class X felony. See 720 ILCS 5/9-1(a)(1), 720 ILCS 5/8-4(a). While plaintiff has failed to sufficiently detail the circumstances surrounding Ferando's plea, the inference drawn from the record in favor of Ferando is that Ferando had great incentive to plead guilty to the aggravated discharge and aggravated unlawful restraint counts where he received a four year term of imprisonment in lieu of proceeding to trial and potentially being found guilty of two counts of attempted murder. This is so because if Ferando was found guilty of attempted murder, the Court was required to add twenty years to his sentence because Ferando personally discharged a firearm. See 720 ILCS 5/8-4(c)(1)(C). "Even an innocent defendant would have to be of

stout heart to reject such an offer." See *Metro. Prop. & Cas. Ins. Co. v. Pittington*, 362 Ill. App. 3d 220, 227-28 (Ill. App. Ct. 2005) (reaching a similar conclusion where the Court refused to apply collateral estoppel where the defendant plead to misdemeanor reckless conduct and was originally charged with attempted murder with a firearm); *Allstate Ins. Co. v. Kovar*, 363 Ill. App. 3d 493, 504 (Ill. App. Ct. 2006) (finding collateral estoppel to be inappropriate where defendant did not have a strong incentive to litigate a battery charge and instead plead guilty in exchange for a light sentence).

In fact, the Court finds that any consideration of whether Ferando's conduct was criminal is not appropriate at this stage of the proceedings. "It is inappropriate to resolve a declaratory judgment action in such a manner as would bind the parties in the underlying litigation on any issues therein." *Savickas*, 193 Ill. 2d at 387. At issue in the underlying case is what Ferando's intent was in shooting the firearm. If Ferando was in fact using self-defense, see 720 ILCS 5/7-1, and therefore his conduct was not criminal then the insurance exclusion would not apply. This issue is one of the ultimate facts upon which recovery is predicated in the underlying case against Ferando and it would be premature for this Court to rule on that issue. See *Peppers*, 64 Ill. 2d at 197; *State Farm Fire & Cas. Co. v. Leverton*, 289 Ill. App. 3d 855, 856 (Ill. App. Ct. 1997) ("Where *bona fide* disputes arise over the issue of negligence versus intentional conduct for indemnification purposes, the tort litigation should be resolved before the court decides the coverage issue in a declaratory judgment action."). Moreover, in

representing Ferando in the underlying litigation, the parties are to address the potential conflict of interest issues that may result from plaintiff's representation of Ferando.  See *Peppers*, 64 Ill. 2d at 198-99.

## IV.  Conclusion

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 49) and the motion for oral argument (Doc. 63) are denied. Plaintiff is directed to defend Ferando in the underlying litigation in compliance with its ethical obligations.  Once that case is decided, plaintiff is free to raise the issue of whether Ferando's conduct is excluded from the policy.  Until that time, this case is stayed.  The parties are directed to notify the Court when the underlying litigation is resolved.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2011.

David R. Herndon
2011.08.09
07:49:07 -05'00'

**Chief Judge**
**United States District Court**